IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON DAVIS,<br><br>　　　　　　Plaintiff,<br>v.<br><br>TOM VILSACK ET AL,<br><br>　　　　　　Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:16-CV-907-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke C. Wells |

　　　　Plaintiff Sharon Davis brings this action against various actors, asserting violations of Plaintiff's civil rights.[1] Plaintiff, proceeding *pro se*, was allowed to proceed *in forma pauperis*.[2] Now before the Court is Plaintiff's Motion to Appoint Counsel.[3] The case was referred to Magistrate Judge Wells by District Judge Dee Benson under a 28:636(b)(1)(B) referral.[4]

　　　　Under the *in forma pauperis* Statute (the "IFP Statute"), the Court shall, at any time, *sua sponte*, dismiss a case if the court determines a complaint is frivolous or fails to state a claim upon which relief can be granted.[5] The IFP Statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[6] Therefore, before reaching any of Plaintiff's Motions, the Court must satisfy itself that the Complaint is sufficient to proceed.

---

[1] Docket no. 3.

[2] Docket no. 2; *See* 28 U.S.C. § 1915.

[3] Docket no. 4.

[4] Docket no. 84.

[5] *See* 28 U.S.C. § 1915(e)(2)(B)(i–ii).

[6] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Upon screening Plaintiff's Complaint, the Court notes that Plaintiff's Complaint is captioned for the "District of New Mexico, Southern Division."[7] Additionally, jurisdiction and venue are pled in the District of New Mexico.[8] Moreover, no factual allegations are aimed at conduct in Utah. Indeed, Utah is mentioned only once in the Complaint; the sole reference to Utah is that Plaintiff now resides in Salt Lake City, Utah, but she pleads that she is a resident in New Mexico.[9]

Given that Plaintiff has not pled personal jurisdiction or venue in this district, the Court RECOMMENDS that the Complaint be dismissed.

The Court, however, recommends that Plaintiff be allowed to re-plead her Complaint and conform it to the pleading obligations outlined above. Plaintiff is strongly encouraged to seek legal assistance provided through pro bono clinics or elsewhere. If Plaintiff fails to timely cure the above deficiencies within 30 days from the date this Recommendation is adopted, the magistrate judge will recommend that this action be dismissed.

## CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that

1) Plaintiff's Complaint is dismissed without prejudice and Plaintiff be given 30 days after adoption of this Report and Recommendation to cure the pled jurisdictional deficiencies outlined above.

2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide;

3) Plaintiff's Motion to appoint Counsel is DENIED.[10]

---

[7] Docket no. 3, at 1.

[8] *Id.* at 2.

[9] *Id.*

[10] Docket no. 4.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[11]  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court.  Any objection must be filed within this deadline.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 12 September 2016.

Brooke C. Wells
United States Magistrate Judge

---

[11] *See* 28 U.S.C. §636(b)(1).