IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON DAVIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TOM VILSACK, Secretary of U.S. Department of Agriculture, *et al.*,<br><br>Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:16cv907-DB-BCW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

This matter is referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) from Judge Dee Benson.[1]  Pending before the Court are Plaintiff's Motion for Change of Venue[2] and Motion to Extend Time for Service on Defendants.[3]  As set forth below, the undersigned recommends that the Motion for Change of Venue be GRANTED, and that the Motion to Extend Time for Service on Defendants be transferred, along with the case, for decision by the U.S. District Court for the Western District of Arkansas.

Plaintiff Sharon Davis, who was originally acting *pro se*, brings this case against Defendants for a number of violations of Title VII of the Civil Rights Act.  On June 13, 2016, the U.S. Department of Agriculture issued its final decision on Plaintiff's Equal Employment Opportunity complaint, providing Plaintiff 90 days to file a civil action—up to and including September 11, 2016.[4]  Plaintiff, acting *pro se*, timely filed her Complaint on September 1, 2016.[5]

---

[1] Docket no. 5.

[2] Docket no. 11.

[3] Docket no. 10.

[4] Docket no. 3, ¶ C(3).

[5] *Id.*

Plaintiff then sought appointment of counsel,[6] which this Court denied and directed Plaintiff to amend her Complaint due to her failure to properly plead personal jurisdiction or venue or it would be dismissed within 30 days.[7]  Plaintiff, still acting *pro se*, filed her Amended Complaint on October 7, 2016.[8]  On January 9, 2017, counsel retained by Plaintiff entered an appearance.[9]  Plaintiff's counsel filed the motions now before the Court based on Plaintiff's allegation that the incidents giving rise to the Complaint occurred in Garland County, Arkansas.[10]

## DISCUSSION

### I.      Motion for Change of Venue

Under 42 U.S.C. § 2000e-5(f)(3), an action for unlawful employment practice by an employer

> may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

Here, Plaintiff acting *pro se*, mistakenly alleges that "[t]he claims made in this Complaint occurred and arose in the State of Utah . . . .,"[11] where she later alleges that the "incidents that gave rise to this Complaint occurred in Garland County, State of Arkansas."[12]  She further alleges that she was hired by the U.S. Department of Agriculture, Ouachita Job Corps Center, in

---

[6] Docket no. 4.

[7] Docket no. 6 (Report and Recommendation); and Docket no. 7 (Order Adopting Report and Recommendation).

[8] Docket no. 8.

[9] Docket no. 9.

[10] Docket no. 8, ¶ B(2).

[11] *Id.* at ¶ A(3).

[12] *Id.* at ¶ B(2).

Royal, Arkansas.[13]  Pursuant to 42 U.S.C. § 2000e-5(f)(3) and based on Plaintiff's allegations, her Complaint should have been filed in the U.S. District Court, Western District of Arkansas.

When an action is filed in the wrong district court, that court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[14]  The Supreme Court in *Goldlawr v. Heiman*[15] explained that the purpose of this provision is to prevent the injustice that may occur if a case is dismissed rather than transferred after the statute of limitations for a cause of action has run.  "If by reason of uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather transferred in order that the plaintiff not be penalized by. . . 'time-consuming and justice-defeating technicalities.'"[16]

Here, if this Court were to dismiss this action rather than a transfer it to the Western District of Arkansas, Plaintiff would lose her causes of action under the statute of limitations. Plaintiff, acting *pro se*, was clearly mistaken on which venue is the proper venue for this case. To prevent injustice, this Court recommends that this case be transferred to the U.S. District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1406(a).

Based on the foregoing and the allegations of the Amended Complaint, it appears that this Court does not have personal jurisdiction over the named-Defendants.  Accordingly, this Court will not rule on the pending Motion to Extend time for Service on Defendants, and the Court recommends that the Motion to Extend Time for Service on Defendants be transferred for decision by the U.S. District Court for the Western District of Arkansas.

---

[13] *Id.* at ¶ B(4) and ¶ D(1).

[14] 28 U.S.C. § 1406(a).

[15] 369 U.S. 463, 466 (1962).

[16] *Id.*

## RECOMMENDATION

For the reasons set forth above, the undersigned hereby RECOMMENDS that

1)      Plaintiff's Motion for Change of Venue be GRANTED and further RECOMMENDS that this matter be transferred to the U.S. District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1406(a); and

2)      Plaintiff's Motion to Extend Time for Service on Defendants be TRANSFERRED for decision by the U.S. District Court for the Western District of Arkansas.

## NOTICE

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object.[17]  The parties must file any objection to this Report and Recommendation within fourteen (14) days of service thereof.[18]  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 25 January 2017.

Brooke C. Wells
United States Magistrate Judge

---

[17] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[18] *Id.*